UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JARIBU IGWE MUTOPE,                :
                                   :
      Petitioner         :
                                   :
  v.                               : CIVIL NO. 3:CV-04-2053
                                   :
LOUIS FOLINO,                      : (Judge Kosik)
                                   :
      Respondent         :

## **M E M O R A N D U M**

### I.   INTRODUCTION

Jaribu Igwe Mutope is an inmate confined at the State Correctional Institution at Greene (SCI-Greene), Pennsylvania.  He filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 17, 2004.  In the petition, Mutope challenges his aggregate sentence of 39 months to 22 years after being found guilty of Criminal Trespass, Criminal Attempt to Commit Criminal Trespass, Resisting Arrest and Criminal Mischief (2 Counts) by a Lebanon County Court of Common Pleas jury.[1]  On December 8, 2004, an order was issued providing Mutope with the notice required in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  (Doc. 6.)  Because

---

[1] Mutope was acquitted on charges of Burglary and Criminal Attempt to Commit Burglary.  A charge of Possession of an Instrument of a Crime was dismissed by the Lebanon County Court of Common Pleas after the Commonwealth closed their case-in-chief.

Mutope failed to notify the court as to whether he desired to proceed on the petition as filed or withdraw his petition and file a new, all-inclusive petition, the court is proceeding on the original petition as filed.  A Show Cause order directing Respondent to answer the allegations in the petition was thereafter issued on February 23, 2005.  (Doc. 7.)  Following the grant of an enlargement of time, Respondent submitted a response to the petition along with a supporting memorandum and exhibits on April 6, 2005.  (Docs. 15-17.)  A traverse was submitted by Mutope on May 11, 2005.[2]  The petition is ripe for consideration at this time.  For the reasons that follow, the petition will be denied.

## II.     FACTUAL BACKGROUND

The pertinent facts and procedural history are extracted from the Superior Court of Pennsylvania's February 1, 2001 opinion on Mutope's direct appeal from his judgment of sentence, as well as the September 29, 2003 opinion on his appeal from the denial of his PCRA.

> On April 29, 1997, appellant attempted to enter the residence of Robert Keefer by striking and breaking the glass pane of his front door.  When his attempt was unsuccessful, appellant proceeded to the home of Officer Gregory Bender, where he forced open the front door.  After struggling with Bender in the living room, appellant fled to the second floor and escaped through a window.  Police eventually apprehended appellant on the front porch of the Bender residence.  Following a jury trial, appellant was convicted and sentenced as indicated above. On June 5, 1998, appellant filed a motion for new trial or in arrest of judgment, which was denied.  Thereafter, appellant filed a motion for appeal nunc pro tunc.  The court found no legitimate basis advanced which justified appellant's failure to file a direct appeal, and thus, denied the motion.  On August 25, 1999, appellant filed a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, based upon the ineffectiveness of counsel in

---

[2] Mutope was also granted an enlargement of time to submit his filing.

2

> failing to file a timely direct appeal.  Following a hearing, the trial court granted relief to appellant . . . .

(Doc. 17, Respondent's Exhibits, Ex. 15, Pa. Super. Ct. Op. dated 9/8/03 at 1-2.)

On April 20, 2000, Mutope filed a direct appeal <u>nunc</u> <u>pro</u> <u>tunc</u>.  In the appeal, he raised two grounds - (1) sufficiency of the evidence to support his conviction of attempted criminal trespass at the Keefer residence, criminal trespass at the Bender residence, and resisting arrest and (2) ineffective assistance of trial counsel[3].  On February 1, 2001, the Pennsylvania Superior Court affirmed the judgment of sentence.  A petition for allowance of appeal was denied by the Pennsylvania Supreme Court on May 10, 2001.

On August 15, 2001, Mutope filed his first PCRA petition.[4]  Counsel was appointed and an evidentiary hearing thereafter conducted on August 27, 2002.  On August 27, 2002, the PCRA petition was denied.  On September 16, 2002, an appeal was filed with the Pennsylvania Superior Court.  The issues raised on appeal were whether trial counsel was ineffective in proceeding to trial without the testimony of Officer Barrett and for not urging Mutope to testify

---

[3] Petitioner raised the following specific ineffective assistance of counsel grounds on direct appeal: (1) failure to seek a Writ of Habeas Corpus prior to trial in order to challenge the charge of possessing an instrument of crime; (2) failure to present evidence Petitioner was under the influence of cocaine at the time of the criminal trespass; (3) failure to allow Petitioner to testify in his own defense; (4) counsel's stipulation to the testimony of Dr. Bruce Hinkle, who treated Petitioner in the emergency room following his arrest; and (5) failure to investigate the alleged attack which occurred outside of the Liberty Bar prior to the incident at the Keefer and Bender residences.  (Doc. 17, Exhibits, Ex. 8, Pa. Super. Ct. Op.)

[4] Mutope actually filed a previous PCRA petition whereby his direct appeal rights were restored.  As such, the August 15, 2001 PCRA petition is actually his first PCRA in view of the restoration of his direct appeal rights.

3

on his own behalf. Also raised was the issue of whether PCRA/appellate counsel was ineffective in failing to raise the ineffective trial counsel grounds at the first PCRA hearing. On September 29, 2003, the Superior Court issued an opinion finding that the first two issues raised by Mutope had been waived or previously litigated, and denying the petition with regard to the third issue. No appeal to the Pennsylvania Supreme Court was pursued.

The instant petition for writ of habeas was thereafter filed on September 17, 2004. In the petition Mutope raises the following two grounds: (1) ineffective assistance of counsel in failing to call the only two witnesses (Officer Barrett and Petitioner) who could provide Petitioner with an appropriate defense - duress and justification and (2) violation of the due process clause based upon the trial court's failure to give duress and justification instructions to the jury sua sponte.

## III.   STANDARD OF REVIEW

### Exhaustion

Under 28 U.S.C. § 2254, federal habeas courts review state criminal convictions for violations of "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). They do not correct errors in state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997).

A federal court will not grant a state prisoner's petition for a writ of habeas corpus unless available state-court remedies on the federal constitutional claim have been exhausted. 28 U.S.C. § 2254 (b)(1); Stevens v. Del. Corr. Ctr., 295 F.3d 361, 369 (3d Cir. 2002). The exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the

4

federal claim at each level of the established state-court system for review.  O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); Whitney v. Horn, 280 F.3d 240, 250 (3d Cir. 2002); Cristin v. Brennan, 281 F.3d 404, 410-11 (3d Cir. 2002).  The state courts must have been presented with the substance of Petitioner's claims.  "Fair presentation" of a claim means that the petitioner "must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted."  McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999)(citations omitted); see also, Picard v. Connor, 404 U.S. 270, 275 (1971); Holloway v. Horn, 355 F.3d 707, 714 (3d Cir. 2004).  In Duncan v. Henry, 115 S.Ct. 887, 888 (1995), which concerned exhaustion of an evidentiary issue, the United States Supreme Court relying on Picard, held: "If a habeas petitioner wishes to claim that an evidentiary ruling at a state trial denied him the due process of law guaranteed by the Fourteenth Amendment he must say so, not only in federal court, but in state court."

Further, a petitioner must have pursued his claims through "'any available procedure.'" Id. at 410 (quoting 28 U.S.C. § 2254(c)).  Another avenue of relief available for exhaustion purposes is that of collateral review under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq., "which permits motions for post-conviction collateral relief for allegations of error, including ineffectiveness of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions."  Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).[5]  The

---

[5] The exhaustion requirement is satisfied if a Petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence or through a collateral

5

petitioner has the burden of proving exhaustion. Coady v. Vaughn, 251 F.3d 480, 488 (3d Cir. 2001).

A habeas petition presenting an unexhausted claim should normally be dismissed so that the petitioner can exhaust state-court remedies. Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996). However, if returning an unexhausted claim to the state courts would be futile because of a state procedural bar, the federal court may excuse the exhaustion requirement for the procedural default of a state-court remedy. Id. at 681.

Nonetheless, while a prisoner's procedural default may excuse exhaustion, it does not entitle him to proceed on the merits. If he has procedurally defaulted a claim in the state courts, we may only reach the merits if the petitioner can show "cause and prejudice" justifying the state-court default or, failing that , that a fundamental miscarriage of justice would result if we did not consider the merits. See Lines v. Larkins, 208 F.3d 153, 166 (3d Cir. 2000).

To satisfy the first exception, petitioner must show (1) cause for his failure to raise his claim in state court and (2) prejudice to his case as a result of that failure. McCleskey v. Zant, 499 U.S. 467 (1991). Cause must be something "external" to the defense that impeded the attempt to raise the claim in state court. Werts v. Vaughn, 228 F.3d 178, 192-93 (3d Cir. 2000). Prejudice must be something that "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152,

---

proceeding, such as a petition under the PCRA. It is not necessary, however, to present federal claims to state courts both on direct appeal and in a PCRA proceeding. Evans v. Court of Common Pleas, 959 F.2d 1227, 1230-31 (3d Cir. 1992); Swanger v. Zimmerman, 750 F.2d 291, 295 (3d Cir. 1984).

6

170 (1982) (emphasis in original).

> The Third Circuit has stated the miscarriage-of-justice test as follows:
>
>> In the alternative, if petitioner fails to demonstrate cause and prejudice for the default, the federal habeas court may still review an otherwise procedurally defaulted claim upon a showing that failure to review the federal habeas claim will result in a "miscarriage of justice." Generally, this exception will apply only in extraordinary cases, i.e., "where a constitutional violation has probably resulted in the conviction of one who is actually innocent. . . ." Id. at 496, 106 S.C. 2639. Thus, to establish a miscarriage of justice, the petitioner must prove that it is more likely than not that no reasonable juror would have convicted him. Schlup v. Delo, 513 U.S. 298, 326, 115 SC. 851, 130 L.Ed.2d 808 (1995).

Werts, 228 F.3d at 193.

## IV.     DISCUSSION

Respondent argues that Petitioner's claims should be dismissed for failure to exhaust state remedies. In reviewing the record at length, the court agrees. Petitioner raises two specific grounds in this habeas petition. The first is an ineffective assistance of counsel claim with regard to trial counsel's failure to call Officer Barrett and Petitioner as witnesses for the purpose of establishing a duress/justification defense. The second ground is the trial court's alleged violation of due process in failing to give the jury a sua sponte duress and justification instructions.

In reviewing both the nunc pro tunc direct appeal and the PCRA petition filed by Petitioner, as well as the Pennsylvania Superior Court decisions issued with regard to each, it is clear that Petitioner has not exhausted the issues he presents in the instant petition. The court will first address the allegation of trial court error regarding jury instructions. Nowhere in either

7

the direct appeal or the PCRA petition is this ground alleged by Petitioner or addressed by the state courts.  Clearly, it is unexhausted.

With regard to the ineffective assistance of counsel claim, a review of the record reveals that the specific issues presented by Petitioner in the instant petition were never presented to the state courts.  On direct appeal, Petitioner challenged trial counsel's "strategy of exclusion." He claimed that trial counsel failed to seek a writ of habeas corpus following the preliminary hearing due to the fact that the jury heard about the charge of possession of an instrument of crime, which he claims was prejudicial since this claim was dismissed.  He also claimed in the direct appeal that counsel failed to show evidence of his use of cocaine which would have explained his confusion and bizarre behavior, ie., through the use of testimony from Dr. Hinkle. He further included an ineffective assistance of counsel ground regarding the resisting arrest charge - the failure to have he or Officer Barrett testify to establish that he had been initially attacked by police after calmly being placed under arrest by Barrett.  Petitioner also raised ineffective assistance grounds concerning trial counsel's failure to note the conflict in Officer Bender's testimony regarding the opening of the front door, and his failure to investigate the actions which occurred at the Liberty Bar.  Nowhere in the foregoing litany of ineffective assistance of counsel grounds raised on direct appeal does Petitioner "fairly present" the issue of trial counsel's failure to call Petitioner and/or Officer Barrett for the purposes of establishing a duress/justification defense.

Likewise, in reviewing the PCRA petition filed and the Superior Court's decision addressing the same, Petitioner also fails to raise this ineffective assistance ground.  In the

8

PCRA, Petitioner pursued the following ineffective trial counsel grounds: failure to introduce hospital records, as well as call hospital personnel and Dr. Hinkle as witnesses; the failure to raise procedural issues regarding the warrant; the failure to investigate the Liberty Bar incident and obtain the testimony of Petitioner's attackers; proceeding to trial with the testimony of Officer Barrett to establish whether or not Petitioner was injured at the time he went to the police station/the change in Petitioner's behavior throughout the night; and trial counsel's failure to call Petitioner as a witness.

While Petitioner did raise a ground in his PCRA regarding Officer Barrett's testimony, it was with regard to counsel's failure to call Barrett as a witness to testify as to Petitioner's injuries and change in behavior. There was no mention by Petitioner in the PCRA challenging the failure of counsel to call Barrett as a witness for the specific purpose of establishing a duress/justification defense. Likewise, while Petitioner challenged trial counsel's failure to call him to testify on his own behalf, the issue of presenting a duress/justification defense was not presented to the state courts via this ground in the PCRA. As such, this ineffective assistance of counsel claim as raised in the instant habeas was waived.

At this juncture, if Petitioner were to attempt to return to the state courts he would be procedurally barred. The time for pursing claims on direct appeal has long expired. Although Petitioner was granted the ability to file a nunc pro tunc direct appeal and did so, he failed to raise the instant claims in said appeal. Further, the PCRA establishes a procedure by which persons such as Petitioner can seek state court review of claims that could be the basis for federal habeas corpus review. See 42 Pa. C.S.A. § 9542 (1999). Claims that have neither

9

been "previously litigated" nor "waived" may be pursued under the PCRA. Id. § 9543(a)(3). The PCRA also includes a one-year statute of limitations from the date the judgment becomes final, 42 Pa. C.S.A. § 9545, which applies to any second or subsequent petition, unless the petition alleges and the petitioner proves any of the following three circumstances: government interference with the presentation of the claim; facts unknown to petitioner at the time which could not have been ascertained by the exercise of due diligence; or a constitutional right that was recognized by the United States Supreme Court or the Pennsylvania Supreme Court after the applicable time period and held to apply retroactively. None of these exceptions apply in the instant case. As such, it is clear that Petitioner's claims are procedurally barred. Petitioner has failed to establish that any external factor prevented him from complying with Pennsylvania's procedural rules and raising these claims in the state courts, and does not come forth with evidence that it is more likely than not that no reasonable juror would have convicted him thereby failing to establish a miscarriage of justice in this case. Although he professes innocence on the basis of a defense of duress/justification, he has proffered no evidence in the record to substantiate his assertion. To advance a miscarriage of justice argument, the petitioner must present reliable evidence that supports a claim of actual innocence. See Schlup v. Delo, 513 U.S. 298, 317 (1995). No such evidence has been presented here. Moreover, the evidence against Petitioner was compelling with regard to the offenses of which he was convicted. While Petitioner contends that the testimony of Officer Barrett could have provided support for a duress/justification defense, there is no evidence that any such testimony would have corroborated Petitioner's allegations. There is no evidence that

Barrett witnessed any individuals chasing Petitioner or saw Petitioner being assaulted.  With regard to Petitioner himself being called to testify, the record supports the fact that he was given a full and fair opportunity to testify at trial and waived that right.

Further, with regard to the issue of the jury instructions, even if it had not been waived, there is no evidence in the record that Petitioner satisfied the requirements of this affirmative defense to substantiate any such instruction from the trial court.  For example, while Petitioner argues that he was trespassing out of concern for his safety and that he was actually seeking police assistance in his panic-stricken state, the evidence adduced at trial reveals that when the police appeared at the Bender residence he did not run to them for protection.  Rather, Petitioner did everything possible to get away from the police as testified to by Officers Spitler and MacNicholas.  There was no evidence that anyone was chasing Petitioner or attempting to hurt him or that he sought police protection.

Petitioner failed to pursue judicial remedies created by state law with regard to the issues presented in the pending habeas petition.  No justification has been advanced for the failure to timely pursue state court remedies, and this case does not suggest that an absence of federal court review will cause a "fundamental miscarriage of justice."  Accordingly, the petition for writ of habeas corpus will be dismissed.  An appropriate Order is attached.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JARIBU IGWE MUTOPE, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 3:CV-04-2053 |
| | : | |
| LOUIS FOLINO, | : | (Judge Kosik) |
| | : | |
| Respondent | : | |

## **O R D E R**

**NOW, THIS 22nd DAY OF NOVEMBER, 2005,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The petition for writ of habeas corpus is dismissed.

2. The Clerk of Court is directed to close this case.

3. There is no basis for the issuance of a certificate of appealability.

                                                         s/Edwin M. Kosik
                                          United States District Judge